NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ED J. HERSHEWE, Individually and on behalf of all others similarly situated,

        Plaintiff,

 and

GEDION DEMMISSIE; SURESH GOYAL, Co-Lead Plaintiffs,

        Plaintiffs-Appellants,

  v.

JOYY, INC., FKA YY, Inc.; et al.,

        Defendants-Appellees.

No. 22-55377

D.C. No.
2:20-cv-10611-SB-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted April 21, 2023
San Francisco, California

Before: SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Gedion Demmissie and Suresh Goyal ("Appellants") represent a proposed

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

class of investors asserting securities fraud claims against JOYY, Inc. ("JOYY")—a Chinese video streaming platform—for violations of the Securities Exchange Act of 1934 (the "Exchange Act"). The claims are brought under two causes of action: (1) Section 10(b) and Rule 10b-5 promulgated thereunder, 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; and (2) Section 20(a), 15 U.S.C. § 78t(a) (establishing liability for controlling persons). The district court granted Defendants' motion to dismiss Appellants' Second Amended Complaint ("SAC") with prejudice, and Appellants seek review. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's order de novo. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We affirm.

To state a securities-fraud claim, a plaintiff must first plead "a material misrepresentation or omission" (i.e., "falsity"). *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 613 (9th Cir. 2017). To plead falsity, Appellants must specify with particularity "each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 877 (9th Cir. 2012); Fed. R. Civ. P. 9(b) (requiring plaintiffs "state with particularity the circumstances constituting fraud"); Private Securities Litigation Reform Act (PSLRA) of 1995, 15 U.S.C. §§ 78u–4(b)(1)(B) (same). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *In re Gilead*

*Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Appellants argue in their SAC that JOYY failed to disclose that "a material portion of [its] users" were bots used to manufacture and inflate revenues through fake gifting transactions. Appellants fault the district court for not crediting evidence from a Report by short seller Muddy Waters Capital LLC, as well as Appellants' expert Dr. Knoblock. We agree with the district court that these sources lacked "indicia of reliability" and failed to substantiate Appellants' allegations of falsity.

First, the Muddy Waters Report disclaims all liability and presents its contents "without warranty of any kind." It "makes no representation, express or implied, as to the accuracy, timeliness, or completeness" of its claims. In addition, Muddy Waters had a significant financial interest in seeing JOYY's stock decline. That might all be okay—*if* the SAC sufficiently pleaded falsity. But the Muddy Waters Report fails to detail how it determined that various IP addresses of alleged fake users or bots are associated with JOYY. And Appellants failed to allege additional facts supporting this central claim of fraud. Moreover, the other allegations in the Muddy Waters Report don't show that Defendants' disclosures were materially false or misleading. For example, the Report describes a promotion in which JOYY openly created "Platform Angels" to award gifts, encouraging user activity. Appellants do not explain why this promotional activity is evidence of securities

3

fraud. Thus, Appellants' securities fraud claims are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences," which this court need not accept. *Sprewell*, 266 F.3d at 988.

Appellants' arguments relating to their expert Dr. Knoblock fare no better. The SAC states that after conducting an "independent review" of the Muddy Waters Report, Dr. Knoblock found its "data analysis and collection methodology to be sound and agree[d] with the report's conclusions." But this provides little insight into what conclusory statements in the Report were determined to be true by Dr. Knoblock when forming his overall assessment. And we agree with the district court that Dr. Knoblock's statistical evidence "failed to validate the Report's conclusions or establish that any of Defendants' statements were false when made." More is required to show falsity. *See In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 837 (9th Cir. 2022) ("Plaintiffs cannot evade the PSLRA's exacting pleading standards by merely citing an expert who makes assertions about falsity based on questionable assumptions and unexplained reasoning.").

Because Appellants have failed to sufficiently allege falsity, we need not address scienter or the Section 20(a) controlling persons claim. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). The district court did not err in granting Defendants' motion to dismiss.

**AFFIRMED.**